**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **ERIK SALAIZ,** § § § **Plaintiff,** § § v. § § **TEXAS ROOFING & RENOVATIONS LLC,** § d/b/a **TEXAS ROOFING & SOLAR**, a Texas § Limited Liability Company, and **CHAD** § **HAWKINS** § **Defendant.** § § | Case No. 3:23-CV-00321-KC |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff ERIK SALAIZ respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against Defendants TEXAS ROOFING & RENOVATIONS LLC, d/b/a TEXAS ROOFING & SOLAR ("TRR") and CHAD HAWKINS ("Hawkins").

### I. STATEMENT OF FACTS

Liability: The Plaintiff in this case, Erik Salaiz, received nine (9) phone calls to his personal telephone number, (915) 490-0898, which was listed on the National Do Not Call Registry. Plaintiff's First Amended Complaint ("FAC") FAC ¶ 25. Defendant TRR offers solar panel systems to consumers. FAC ¶ 27. Defendant TRR is owned and operated by Defendant Hawkins. FAC ¶ 28. Defendant uses telemarketing to market its services, including to persons, like Plaintiff, who did not provide his prior express written consent to receive such solicitations. FAC ¶ 29.

Jurisdiction: This Court has Specific Personal Jurisdiction over Defendants TRR and Hawkins, because they directed its conduct into and purposefully availed themselves of this District.

Injury: Plaintiff did not provide his prior express written consent to receive these calls. Plaintiff found the calls invasive of his privacy, annoying, and obnoxious. FAC ¶ 94.

Damages: Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. Atom Property Sol's, LLC*, No. 2:22-cv-02000-MMB, ECF No 10, at *1 (E.D. Pa. Nov. 30, 2022) (nearly identical motion as here); *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections.

However, Plaintiff alleges that, of the nine (9) known violative calls by the telemarketers ("John Doe") on behalf of Defendants to Plaintiff, all nine (9) calls were placed in violation of the TCPA 227(b), 227(c), and the Texas Business and Commerce Code 302.101. Plaintiff did not provide his prior express written consent to receive any of the calls. Therefore, Plaintiff is entitled to $54,000 for statutory violations, plus his $402 filing fee and $170.00 in service costs for a grand total of $54,572.00.

Posture: On September 1, 2023, Plaintiff filed his Complaint against Defendant TRR, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. ECF No. 1. On December 4, 2023, Plaintiff filed his First Amended Complaint against Defendants TRR and Hawkins. ECF No. 14. On April 26, 2024, the Court Ordered Plaintiff to move for entry of default and a default judgment against Defendant TRR and further ordered a default judgment against Defendant Hawkins as the appropriate sanction. ECF No. 43. On May 2, 2024, Plaintiff moved for entry of default against Defendant TRR. ECF No. 44. On May 3, 2024, default was entered against Defendant TRR. Defendant TRR did not respond to the FAC. This motion now follows. Plaintiff now moves for default judgment under Rule 50(b)(2) of the Federal Rules of Civil Procedure.

## II.   **ARGUMENT AND AUTHORITIES**

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgement is left primarily to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. *See, e.g.*, *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

**A.   The Court Has Jurisdiction and Service of Process Was Proper**

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendants TRR and Hawkins. Further, Defendants TRR and Hawkins were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

**i. Subject Matter Jurisdiction**

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

**ii. Personal Jurisdiction**

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

As a preliminary matter, the court has *specific* jurisdiction over Defendants because the constitutional requirements of purposeful direction and fair play are satisfied. Where no applicable federal statute addresses the issue (as is the case here), the district court "asserts personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Products Co. v. Colelli Associates*, 149 F.3d 197 (3d Cir. 1998). Under Pennsylvania's long-arm statute, personal jurisdiction over a non-resident Defendant is permitted "to the fullest extent allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); *Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994).

The due process limit to the exercise of personal jurisdiction is defined by a two-prong test. First, the defendant must have made constitutionally sufficient "minimum contacts" with the forum. *Burger King Corp*. Second, if "minimum contacts" are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice," i.e., is reasonable. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Plaintiff's pleadings show that both these elements are satisfied to meet the requirements for asserting specific personal jurisdiction over Defendants. First, Defendants have "minimum contacts" with the forum. The "minimum contacts" test is satisfied by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). Courts have repeatedly held where a defendant makes a call or sends a message into the forum state in violation of the TCPA, this action alone is sufficient to confer specific jurisdiction over the defendant. *See Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, No. C13-1347-JCC, 2014 WL 5880170, at *3 (W.D. Wash. Sept. 30, 2014) (finding express aiming where defendant transmitted calls to telephone numbers with Washington area codes, even if at the direction of another party); s*ee also Abramson v. CWS Apartment Homes, LLC*, No. CV 16-426, 2016 WL 6236370, at *4 (W.D. Pa. Oct. 24, 2016) (holding Pennsylvania has an interest in protecting its citizens from harm inflicted by nonresidents and holding that sending a text message to a Pennsylvania area code would make the exercise of specific personal jurisdiction reasonable).

Plaintiff has alleged precisely that the Defendants' telemarketers sent solicitation calls into Texas, to Texas area codes, and to numbers registered in Texas. Defendant TRR is

registered to do business here and offers its solar panel services here. Defendants' "expressly aimed [its] conduct at Texas" because Plaintiff's phone number was associated with the State of Texas. *Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14-CV-00435, 2014 WL 2938626, at *8 (W.D. Pa. June 30, 2014) (quoting *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007)).

Turning next to the "reasonableness" prong, requiring Defendants TRR and Hawkins to defend in Texas is not unreasonable. After sufficient minimum contacts are found, it becomes the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Defendants TRR and Hawkins have failed to carry this burden as the Defendants are in default. Accordingly, personal jurisdiction over the Defendants is proper.

iii. **Service of Process**

In Under the Federal Rules of Civil Procedure, Defendants TRR and Hawkins were properly served with process and therefore had the opportunity to respond and/or comply but did not. Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Here, on December 8, 2023, Plaintiff effected service under Rule 4(h) upon Defendant TRR. Plaintiff's process server served the complaint, summons and other initiating papers on the registered agent of Defendant TRR personally. Here, on December 21, 2023, Plaintiff effected service under Rule 4(h) upon Defendant Hawkins. Plaintiff's process server served the complaint, summons and other initiating papers by posting them to the residence of

Hawkins as granted by the court on December 14, 2023. ECF No. 19. Thus, Plaintiff effected service under Rule 4(h).

### B. The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendants TRR and Hawkins opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendant TRR has not responded and Defendant Hawkins failure to comply, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants TRR and Hawkins have demonstrated the culpability necessary for their failure to respond to weigh against them.

i. **Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgement. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants TRR and Hawkins failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendants TRR and Hawkins were made aware of its unlawful conduct when it was served which went ignored. Nevertheless, Defendants TRR and Hawkins have failed to appear, comply and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory

damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

ii. **Defendants have no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendants did not respond and/or comply, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

iii. **Defendant is Culpable for its Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id.* at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, 834 F.2d at 75 (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel

8

was misinformed about what was required). Defendants TRR and Hawkins failure to answer, and/or comply despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### C. The FAC Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $54,572.00, are both reasonable and fair given the circumstances and facts of the case.

i. **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 16-37 (date, caller ID, called number, message content, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

In particular, Plaintiff has adequately and specifically stated claims for calls placed to a number on the National Do Not Call Registry after Plaintiff revoked his consent to be contacted. 47 U.S.C. § 227(c) and the regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)(2), (c)(5), and (d)(6).

First Claim: The elements of this claim are: (1) the Defendants' telemarketers called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked. 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(d)(6).

Plaintiff's FAC pleads each element of this claim:

(1) Defendants' telemarketers called Plaintiff's private telephone number, FAC ¶ 44;

(2) registered on the National Do Not Call Registry, *id.* ¶ 25;

(3) at least twice in any 12-month period, *id.* ¶ 44;

(4) for the purpose of initiating any telephone solicitation, *id.* ¶ 44;

Second Claim: The elements of this claim are: (1) the Defendants' telemarketers called Plaintiff using an ATDS; (2) these calls were made using an ATDS without Plaintiff's prior express written consent 47 U.S.C. § 227(b)(1)(A)(iii);

Plaintiff's FAC pleads each element of this claim:

(1) The calls were made using an ATDS. FAC ¶ 46-49;

Third Claim: The elements of this claim are: (1) Defendants TRR and Hawkins do not have a registration and bond on file with the Texas Secretary of State to make telephone solicitation calls into Texas either directly or through their telemarketers; Texas Business and Commerce Code 302.101.

Plaintiff's FAC pleads each element of this claim:

(1) Defendants TRR or Hawkins are not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations FAC ¶ 91-93;

ii. **Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

The sum of statutory damages, therefore, totals $54,000. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble

damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $402 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $170.00 in effectuating service of process.

Therefore, Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $54,572.00.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $54,572.00, calculated as follows: $500 per 227 (b) violation for nine (9) violations, $500 per 227 (c) violations for nine (9) violations, $5,000 per Texas Business and Commerce Code 302.101 violations for nine (9) violations plus $402 in filing fees, and $170.00 in service fees.

## **CONCLUSION**

Defendants TRR and Hawkins decided to make calls to the Plaintiff through Defendants' telemarketers (to a number listed on the National Do Not Call Registry, use an ATDS, and not obtain a registration and bond on file to solicit into Texas. Defendants TRR and Hawkins decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendants TRR and Hawkins is appropriate. Plaintiff Erik Salaiz respectfully prays for an award of $54,572.00, plus any other relief that the court deems just and proper.

May 3, 2024,                                       Respectfully submitted,

Erik Salaiz
Plaintiff, Pro Se
6320 Navajo Ave
El Paso, Texas 79925
915-490-0898
Salaiz.ep@gmail.com

## CERTIFICATE OF SERVICE

I herby certify that on May 3, 2024, I caused a true copy of the foregoing, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT to be served via USPS mail to Defendants TRR and Hawkins at 11824 Bobcat Drive, Fort Worth, TX 76244.

May 3, 2024,                                       Respectfully submitted,

Erik Salaiz
Plaintiff, Pro Se
6320 Navajo Ave
El Paso, Texas 79925
915-490-0898
Salaiz.ep@gmail.com